UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-CIV-80677-MIDDLEBROOKS/REINHART

MARIA LEE,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (ECF NO. 29)

Ms. Lee moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA) (the "Motion"). ECF No. 29. I have reviewed the Motion and its attachments. The Motion states that the Commissioner does not oppose the relief requested. *Id*. at 9. For the reasons stated below, I recommend that the Motion be GRANTED.

On September 12, 2022, the Court granted Ms. Lee's Motion for Summary Judgment, entered judgment in favor of Ms. Lee and against the Commissioner, and reversed and remanded the decision of the Administrative Law Judge. ECF Nos. 27, 28. Thereafter, Ms. Lee filed the pending Motion seeking $8,061.19 in attorney's fees and $402.00 in costs. ECF No. 29. Ms. Lee contends that she is entitled to recover her attorney's fees and costs pursuant to the EAJA because she is the prevailing party in

this action, her net worth does not exceed $2,000,000, the position of the United States in this action was not substantially justified, and there are no special circumstances which would make an award under the EAJA unjust. *Id.* at 1-3.

## I. ENTITLEMENT TO FEES

"The Equal Access to Justice Act (EAJA) authorizes a district court to award an attorney's fee to an individual who prevails in a suit in which the Government is the opposing party and in which the Government's litigating position was not 'substantially justified.'" *Taylor v. Heckler*, 778 F.2d 674, 675 (11th Cir. 1985). The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Eleventh Circuit has held that three "critical prerequisites" must be satisfied before a claimant may be awarded attorney's fees pursuant to the EAJA: (1) the claimant must be a prevailing party, (2) the claimant must file an application for fees "within thirty days of final judgment in the action," and (3) the district court must find that "the position of the government was not 'substantially justified' and that no 'special circumstances' make an award of fees unjust." *Taylor*, 778 F.2d at 676 (citing 28 U.S.C. § 2412(d)(1)(A), (B)(1982)). In addition to these critical prerequisites,

2

the claimant's net worth must not have exceeded $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B).

The Commissioner does not dispute Ms. Lee's prevailing party status. Ms. Lee successfully challenged the decision of the Commissioner and received a reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).[1] ECF Nos. 27, 28. Accordingly, Ms. Lee is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993) (holding that "[o]btaining a sentence-four judgment reversing the Secretary's denial of benefits" meets the description of a prevailing party).

As to the second requirement, Ms. Lee timely filed her Motion. The 30-day deadline for filing a motion for attorney's fees under the EAJA begins after the time for an appeal of the judgment has ended. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended."). Here, the 30-day deadline began 60 days after judgment was entered in favor of Ms. Lee. *See* Fed. R. App. P. 4(a)(1)(B) (establishing that the United States, its agencies, and its officers sued in their official capacity are afforded 60 days to file a notice of appeal after entry of judgment). In other words, Ms. Lee was required to file her motion for attorney's

---

[1] "[T]he exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala*, 509 U.S. at 296. "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* at 297 n.2. As neither situation is applicable here, the Court's remand order in this case was entered pursuant to sentence four of § 405(g).

fees pursuant to the EAJA on or before December 12, 2022. As Ms. Lee's Motion was filed on that date, her Motion is timely.

Next, as required by the EAJA, the Motion alleges that the position of the United States was not substantially justified. ECF No. 29 at 2; 28 U.S.C. § 2412(d)(1)(B). "The government bears the burden of showing that its position was substantially justified." *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). As the Motion is unopposed, the Commissioner does not argue that the position of the government was substantially justified or that special circumstances make an award of fees unjust. Accordingly, I find that the position of the Commissioner was not substantially justified and that there are no special circumstances that would make an award of fees unjust.

Finally, Ms. Lee submitted a Statement of Net Worth in support of the Motion. ECF No. 29-1. In the Statement, Ms. Lee stated under penalty of perjury that her net worth is less than $2,000,000 and was less than that amount when the case was filed. *Id.* Accordingly, for the foregoing reasons, Ms. Lee is entitled to recover her attorney's fees pursuant to the EAJA. The Court next considers the reasonableness of the attorney's fees Ms. Lee seeks to recover.

## II. REASONABLE FEE

As for the amount of fees Ms. Lee may recover, the EAJA requires that fees be reasonable and "based upon prevailing market rates for the kind and quality of the services furnished, except that. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). First, the Court must determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (citing *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998)). Then, if the market rate is greater than $125 per hour, the Court must determine whether it should "adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Meyer*, 958 F.2d at 1033-34.

The fee applicant is required to supply the court with "specific and detailed evidence" to enable the court to determine the reasonable hourly rate. *Norman*, 836 F.2d at 1303. In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Next, a fee applicant must document the appropriate hours expended to demonstrate reasonableness. *Norman*, 836 F.2d at 1303.

Here, Ms. Lee's counsel seeks compensation at an hourly rate of $217.87. ECF No. 29 at 9. Counsel asserts that the requested rate is reasonable because it accounts for a 74.03% cost-of-living increase since the statutory hourly rate was set in March of 1996. *Id.* at 12. The Commissioner does not dispute the reasonableness of the hourly rate requested. However, Ms. Lee's calculation includes a mathematical error. A 74.03% increase of the statutory rate equates to an adjusted rate of $217.54, rather than $217.87. Based on my own experience and knowledge of the market rates and cost-of-living in West Palm Beach, I find this adjusted hourly rate to be reasonable.

Ms. Lee seeks to recover 37.0 of her counsel's 38.8 hours of billable time. ECF No. 29 at 9. In support of her request, Ms. Lee's counsel submitted detailed billing records. *Id.* at 8. The Commissioner does not challenge the reasonableness of the hours requested. Upon review of counsel's billing records, I find that the hours spent by Ms. Lee's counsel are reasonable. Based on the foregoing, I recommend that the District Court award Ms. Lee a total of $8,048.98 in attorney's fees.[2]

### III.   COSTS

Ms. Lee is also seeking reimbursement of $402.00 in costs for the filing fee paid in this case. *Id.* at 4, 9. The EAJA permits an award of costs. 28 U.S.C. § 2412(a)(1), (d)(1)(A); *see Ochoa v. Commissioner of Social Security*, No. 19-80802-CIV, 2020 WL 4208042, at *3 (S.D. Fla. July 22, 2020) (J. Matthewman). Further, the parties agree

---

[2] This fee amount is based on the adjusted hourly rate calculated by the Court.

that Ms. Lee is entitled to recover this cost. Accordingly, I recommend that the District Court award Ms. Lee $402.00 in costs.

## RECOMMENDATION

I **RECOMMEND** that Ms. Lee's Motion (ECF No. 29) be **GRANTED** and that Ms. Lee be awarded a total of $8,048.98 in attorney's fees and $402.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 9th day of January, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE